UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 20-103-DCR |
| ) | |
| V. ) | |
| ) | |
| VONNIE J. MCDANIELS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal law imposes a mandatory two-year sentence enhancement for any defendant who "uses" another person's "means of identification" in furtherance of another felony. 18 U.S.C. § 1028A(a)(1) (proscribing aggravated identity theft). But Defendant Vonnie McDaniels—accused of fabricating letter from a Kentucky official to fraudulently request loan forbearance—contends that his alleged actions do not amount to a "use" of another's identity within the meaning of the statute. He has now filed a motion to dismiss the aggravated identity theft charge (count 3 of the Indictment) for failure to state an offense. [Record No. 29] Because McDaniels' alleged conduct is covered by Section 1028A(a)(1), his motion will be denied.

**I.**

McDaniels was manager of an office building located at 911 Leawood Drive in Frankfort, Kentucky. [Record No 1, ¶¶ 2, 4][1] He applied for a loan from Kentucky Bank when

---

[1] The allegations in the Indictment are taken as true for purposes of ruling on this motion only. *See United States v. Sampson*, 371 U.S. 75, 78–79 (1962); *see also* [Record No. 29-1, p.1

he purchased that property in April 2019. [*Id.* at ¶4] His application materials allegedly included falsified financial records and a falsified lease covering the property, and the bank ultimately issued him a $382,500.00 commercial loan, secured by the property. [*Id.* at ¶¶ 4, 5, 10]

Throughout 2019, the Commonwealth of Kentucky leased 911 Leawood Drive. [*Id.* at ¶ 4] But Kentucky notified McDaniels in November 2019 that it would terminate the lease by the end of the year, and it did so on December 31, 2019. [*Id.* at ¶ 6] McDaniels then allegedly falsely represented to a Kentucky Bank loan officer that Kentucky remained a tenant at the property. [*Id.* at ¶ 7] And in requesting loan forbearance, it is asserted that he submitted a fabricated letter from Brien S. Hoover of the Kentucky Finance and Administration Cabinet stating that Kentucky had suspended lease payments at the property due to the COVID-19 pandemic. [*Id.* at ¶¶ 8, 14]

This criminal action arises from the above allegations. A grand jury returned a multi-count Indictment against McDaniels on September 10, 2020. [Record No. 1] It charges him with two counts of bank fraud, in violation of 18 U.S.C. § 1344(1), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). [*Id.* at 2–4] His motion to dismiss the aggravated identity theft charge followed.

## II.

Federal Rule of Criminal Procedure 12(b) permits motions to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). At this stage, the Court's review

---

(disputing the allegations but "taking them as true for purposes of this motion").]. The United States continues to bear the burden of proving the elements of the crimes charged in the Indictment beyond a reasonable doubt at trial.

of the Indictment is limited to legal questions. *See United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) (citation omitted) ("A motion under Rule 12 is . . . appropriate when it raises questions of law rather than fact.").

An Indictment is legally sufficient if it: (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also United States v. Anderson*, 605 F.3d 404, 411–14 (6th Cir. 2010). Additionally, whether "a criminal statute applies" to the alleged conduct "is an issue of statutory interpretation . . . ." *United States v. Miller*, 734 F.3d 530, 539 (6th Cir. 2013) (citing *United States v. Lumbard*, 706 F.3d 716, 720 (6th Cir. 2013).

## III.

McDaniels seeks dismissal of only count 3 of the Indictment, which charges him with aggravated identity theft under 18 U.S.C. § 1028A(a)(1). [Record No. 29] In his view, "the government has not alleged a federal offense because he did not 'use' someone else's identification, within the meaning of 18 U.S.C. § 1028A." [Record No. 29-1, p. 1] Accepting as true that he submitted a fabricated letter from a Kentucky official, he argues that Section 1028A(a)(1) does not extend to cases "where the defendant does not pretend to be someone he is not, or 'steal' someone else's identity to obtain something of value in that person's name." [*Id.* at 7] In response, the United States argues that "McDaniels very plainly 'used' Hoover's means of identification to facilitate the attempted bank fraud." [Record No. 30, p. 5]

The text of Section 1028A(a)(1) is the proper starting point. *Miller*, 734 F.3d at 540 (citing *United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000)). It "is a sentencing provision," *United States v. Michael*, 882 F.3d 624, 626 (6th Cir. 2018), mandating a two-year term of imprisonment for a defendant who: (1) "during and in relation to any felony violation enumerated in subsection (c)"; (2) "knowingly transfers, possesses, or uses"; (3) without lawful authority"; (4) "a means of identification of another person." 18 U.S.C. § 1028A(a)(1).

Bank fraud, charged in count 2 of the Indictment, is a qualifying felony violation. 18 U.S.C. § 1028A(c)(5). And the parties do not dispute the third and fourth elements of the statute. Accordingly, the only question before the Court is whether McDaniels "use[d]" Hoover's means of identification within the meaning of the statute when he submitted the fabricated letter to Kentucky Bank.

Start with the definition of the word: "To 'use' a means of identification in this setting is to convert to one's service or to employ the means of identification." *Michael*, 882 F.3d at 626 (cleaned up) (citing several dictionary definitions). The Court is bound to follow this "fair, and fairly straightforward" interpretation of the statute. *Id.* at 626.

Caselaw further informs the definition. Namely, it places the word "use" in the context of the causation required by Section 1028A(a)(1)'s first element. For his part, McDaniels argues that the statute is triggered only where the defendant "pretend[s] to be someone he is not, or 'steal[s]' someone else's identity to obtain something of value in that person's name." [Record No. 29-1, p. 7] But the Sixth Circuit declined to limit "use" to a "specialized definition." *Michael*, 882 F.3d at 627. Rather, "[t]he salient point is whether the defendant used the means of identification to further or facilitate the [bank] fraud." *Id.* at 628.

Factoring in causation allows courts to distinguish non-qualifying actions from those that trigger Section 1028A(a)(1). For instance, "the mere act of saying that the persons did something they in fact did not do" is insufficient. *Miller*, 734 F.3d at 542; *see also United States v. White*, 846 F.3d 170, 177 (6th Cir. 2017) (using "false information about others in her own name" would not be sufficient); *United States v. Medlock*, 792 F.3d 700, 706 (6th Cir. 2015) (reversing convictions where the means of identification were unrelated to the underlying fraud). Alternatively, taking the "significant additional step" of bolstering a lie about what another person has done with a fraudulent document in that person's name is sufficient. *White*, 846 F.3d at 177. Put simply, the statute applies if McDaniels "used the means of identification *because* of the fraud," not merely "in spite of the fraud." *Michael*, 882 F.3d 629 (emphasis added).

Compare three qualifying "uses" with McDaniels's case: An ambulance company owner forged a physician's signature to receive reimbursements for unnecessary ambulance transports. *Medlock*, 792 F.3d at 712. A travel agent created false military identification cards in her clients' names to receive discounted flights for her clients. *White*, 846 F.3d at 177. A pharmacist fabricated and submitted a prescription order with a physician's identification number and a patient's name to receive reimbursement money from an insurance company. *Michael*, 882 F.3d at 629.

And alleged here? A property manager (McDaniels) fabricated a letter from a state official to secure loan forbearance. [Record No. 1, ¶¶ 8, 14] Each scenario involves the misuse of someone else's identity to achieve a fraudulent purpose. As in the above examples, McDaniels did more than "submit[] false information about others in [his] own name." *White*,

846 F.3d at 177.  The fraudulent letter is a statement by Hoover, in Hoover's own name, about Hoover's own actions (on behalf of Kentucky), fabricated by McDaniels "out of whole cloth." *Michael*, 882 F.3d at 629.  McDaniels's purported lie to Kentucky Bank—that Kentucky remained a tenant but stopped paying rent—was directly supported by the fabricated letter from Hoover.  The fabricated letter was used "because of the fraud."  *Id.*

Even so, McDaniels argues, "Hoover's name was not integral to this alleged fraud." [Record No. 29-1, p. 8]  This argument fails for two reasons.  First, the statute requires the means of identification be used "during and in relation to" the fraud.  18 U.S.C. 1028A(a)(1). *Michael*'s use of the word "integral" is best read as dicta meant to emphasize the statute's application to that defendant, not a holding meant to limit the reach of the statute's plain-text meaning.  882 F.3d at 629.

Additionally, Count 2 of the Indictment alleges that the fabricated letter was submitted "[i]n execution of this scheme" to defraud Kentucky Bank.  [Record No. 1, ¶ 12]  This is sufficient to allege that McDaniels used Hoover's means of identification "during and in relation to" (to further or facilitate) the bank fraud.  And even if misuse of another's identity must be "integral" to the fraudulent act, the Indictment here could meet that standard as well.

## IV.

Finally, the rule of lenity does not apply here.  That rule requires courts to resolve ambiguity in a criminal statute in favor of the defendant.  *See United States v. Santos*, 553 U.S. 507, 513 (2008).  It is only properly invoked when "there is a grievous ambiguity or uncertainty in the statute."  *Muscarello v. United States*, 524 U.S. 125, 138–39 (1998).

McDaniels relies heavily on *Miller*'s application of the rule of lenity due to the "ambiguity arising from the attempted application of [Section] 1028A to the facts of [that] case." *Miller*, 734 F.3d at 542. But with the benefit of additional clarification of the statute by the Sixth Circuit, the undersigned does not find that the application of the statute to these facts gives rise to any ambiguity. Section 1028A's sentencing provisions apply when a defendant converts to his service or employs someone else's identity to further or facilitate fraud. The allegations in the Indictment fit squarely within this definition.

V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant McDaniels' Motion to Dismiss Count 3 of the Indictment [Record No. 29] is **DENIED**.

Dated: April 9, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky