UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:20-CR-00103-DCR-MAS

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                          **MOTION IN LIMINE**

VONNIE J. McDANIELS                                                                          DEFENDANT

\* \* \* \* \*

The United States moves *in limine* to exclude evidence of repayments to or settlement attempts with Kentucky Bank that occurred after the financial institution became aware that the Defendant had submitted a fabricated letter in support of his request for loan forbearance. Evidence of efforts to repay the victims of fraud, after the fraud is detected, is irrelevant to the Defendant's earlier state of mind, and thus should be excluded under Federal Rules of Evidence 402 and 403.

Motions *in limine* allow the Court "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose." *Goldman v. Healthcare Management Systems, Inc.*, 559 F. Supp. 2d 853, 859 (W.D. Mich. 2008) (citing *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). "Motions *in limine* typically involve

matters which ought to be excluded from the jury's consideration due to some possibility of prejudice . . . ." *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997); *see also Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999) ("Motions *in limine* are designed to avoid the . . . prejudice caused by objections and offers of proof at trial.").

The Indictment alleges that on or around April 6, 2020, as part of a request for loan forbearance, the Defendant submitted to Kentucky Bank a falsified letter, purporting to be from the Commonwealth of Kentucky, which stated that the Commonwealth had suspended lease payments at the Defendant's property due to the COVID-19 pandemic. [DE 1: Indictment at ¶ 12.] The United States anticipates the evidence at trial to show that Kentucky Bank became suspicious of the letter and sent it to Commonwealth of Kentucky officials to verify its legitimacy. When the state officials confirmed that the letter did not originate with any Kentucky agency and had been fabricated, law enforcement was notified of the attempted fraud.

It is the United States's understanding that after detection of the fraud, the following transpired: Kentucky Bank initially decided to call the Defendant's loan; the Defendant requested an opportunity to rectify his misconduct; in or around May 2020, Kentucky Bank communicated to the Defendant that it would continue the lending relationship if he made a $130,000 principal payment immediately and timely monthly payments thereafter; and that the Defendant has made those payments as required by the parties' work-out agreement. As set forth below, none of this post-fraud conduct is relevant, and it should be excluded.

Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." And relevant evidence may still be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Evidence of efforts to repay the victim of fraud after that fraud has been detected should be excluded as irrelevant under Rule 402. Alternatively, even if there is some slight probative value, it is outweighed substantially by a risk of misleading the jury and confusing the issues under Rule 403. It is, at its core, a jury nullification defense. "A defendant's intention to repay the victims of fraud is no defense. Likewise, subsequent investigations, repayments, or settlement attempts shed no light on whether a defendant had a previous intent to defraud. These efforts have at best . . . small probative value for the purpose of showing lack of evil intent." *United States v. Carter*, 483 F. App'x 70, 75 (6th Cir. 2012) (internal quotations and citations omitted); *see also United States v. Snyder*, 789 F. App'x 501, 508-09 (6th Cir. 2019) (affirming exclusion of business owner's repayment of embezzled 401(k) contributions that occurred after employees' discovered the non-payment and complained to the Department of Labor); *United States v. White*, 846 F.3d 170, 178 (6th Cir. 2017) (affirming exclusion of evidence of repayment negotiations with fraud victims, citing *Carter*, and observing that "other circuits join the Sixth Circuit in curtailing admission of evidence of post-accusation repayment.").

The United States respectfully submits that the Court should follow this Sixth Circuit precedent, and exclude any evidence of the Defendant's efforts to make loan

payments to Kentucky Bank after his fraud was detected, as well as any evidence of Kentucky Bank's agreement to continue the lending relationship. Such evidence is irrelevant to the Defendant's earlier state of mind, when he is alleged to have made material misrepresentations in the loan origination process, and further material misrepresentations in an effort to obtain loan forbearance. Even if that evidence had some minimal probative value (and it does not), it is substantially outweighed by the risk of jury confusion, and would open the door to the Defendant making "no harm, no foul" arguments that are divorced from the elements of the charged offenses. Under Rules 402, 403, and applicable Sixth Circuit law, this evidence of post-detection repayment should be excluded.

Respectfully submitted,

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

By:   */s/ Paul McCaffrey*
Paul McCaffrey
Assistant United States Attorney
260 W. Vine St., Suite 300
Lexington, KY 40507
Tel: (859) 685-4820
Fax: (859) 233-2533
Paul.McCaffrey@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

On May 13, 2021, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

<u>/s/ Paul McCaffrey</u>
Assistant United States Attorney