UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:20-CR-00103-DCR-MAS

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.            **UNITED STATES'S SENTENCING MEMORANDUM**

VONNIE J. McDANIELS                                                              DEFENDANT

\* \* \* \* \*

In advance of sentencing in this matter, the United States sets forth below its position on the appropriate sentence under the United States Sentencing Guidelines (U.S.S.G.) and 18 U.S.C. § 3553(a).

### I.    THE APPLICABLE ADVISORY GUIDELINES RANGE

The advisory Sentencing Guidelines range serves as the "starting point and initial benchmark" for the Court's sentencing analysis. *United States v. Bolds*, 511 F.3d 568, 579-80 (6th Cir. 2007) (citation omitted). Accordingly, the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. King*, 553 Fed. Appx. 518, 520 (6th Cir. 2014) (citing *Gall v. United States*, 552 U.S. 38, 49 (2007)).

The Defendant was convicted by a jury of two counts of bank fraud, 18 U.S.C. § 1044, and one count of aggravated identity theft, 18 U.S.C. § 1028A. The Presentence Investigative Report ("PSR") properly calculated an offense level of 7 for Count Group

One, the bank fraud offenses, and correctly identified the mandatory statutory punishment of two years imprisonment for Count Group 2, the aggravated identity theft offense. *See* PSR ¶¶ 17-27. With a criminal history falling in Category I, the Defendant's advisory Guidelines range is 0-6 months' imprisonment for Count Group One, and 24 months' imprisonment for Count Group Two, to run consecutive to any term imposed for Count Group One.

The Defendant raised two objections to the PSR: (1) that the aggravated identity theft charge should have been dismissed pre-trial for the reasons set forth in his Motion to Dismiss, DE 29, and therefore any sentence imposed for that count would be improper; and (2) that there was insufficient evidence of "other fraudulently obtained loans by the [D]efendant" to support the inclusion of that conduct as "offense behavior not part of relevant conduct" in paragraph 28 of the PSR. With respect to the first objection, the Court denied the Defendant's Motion to Dismiss in a well-reasoned opinion, *see* DE 32: Order, instructed the jury on the 1028A offense in accordance with the Sixth Circuit pattern jury instructions, *see* DE 54: Jury Instruction No. 16, and the jury found the Defendant guilty of that offense. *See* DE 56: Verdict. The statute requires a two-year term of imprisonment. 18 U.S.C. § 1028A(a)(1). While the Defendant may wish to preserve this objection for purposes of appeal, it must be overruled in light of the jury's verdict and the mandatory statutory punishment.

The second objection, regarding other fraudulently obtained loans, does not impact the Guideline calculation because the PSR does not include such loans as relevant conduct.

The Defendant's actions do factor into the 3553(a) analysis, however, and are therefore addressed below.

For those reasons, the United States respectfully submits that the Guideline calculations set forth in the PSR are correct and should be adopted by the Court.

## II. THE UNITED STATES'S SENTENCING RECOMMENDATION UNDER 18 U.S.C. § 3553(A)

While the advisory Guidelines range serves as the "starting point and initial benchmark" for the Court's sentencing analysis, *Bolds*, 511 F.3d 579-80, the Court must also consider the other factors set forth in 18 U.S.C. § 3553(a). These include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the kinds of sentences available, and the need to avoid unwarranted sentencing disparities between similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)-(3), (6). When fashioning the appropriate sentence, the Court endeavors to find a punishment that is "sufficient, but not greater than necessary" to address these considerations. 18 U.S.C. § 3553(a).

With respect to the nature and circumstances of the offense and the history and characteristics of the Defendant, 18 U.S.C. § 3553(a)(1), the government submits that the instant bank fraud convictions are one part of a larger pattern of deception and lies in the Defendant's loan application history. The jury convicted the Defendant of a scheme to defraud Kentucky Bank in 2019 by making false and fraudulent misrepresentations in obtaining a commercial loan, and the trial evidence showed repeated instances of falsely inflating his assets and decreasing his liabilities. The Defendant was also convicted of

bank fraud for his conduct in attempting to obtain forbearance on that same loan in April 2020, when he falsely claimed that the COVID pandemic was to blame for his inability to make loan repayments when due. In connection with that latter offense, he used the name of a state employee on a fabricated letter from the state of Kentucky in order to lend credibility to his pandemic-related lie. While the bank suffered no loss, these remain serious offenses. Further, the conduct reflects the Defendant's cavalier approach to the truth and willingness to engage in blatant lies whenever it might benefit him financially.

For instance, the trial evidence also showed that in May 2020, the Defendant applied for and received a $52,606 Paycheck Protection Program loan for a company called V&R Foods, LLC. *See* Gov. Tr. Ex. 13. He claimed that V&R Foods had three employees with average monthly payroll of $21,043; he supported this claim with a Form W-3 indicating that V&R Foods had filed IRS Form 941s and had withheld income and social security tax from its employees' paychecks. *Id.*; Gov. Tr. Ex. 15. These claims were easily disproven. The trial testimony of FDIC-OIG Special Agent Nathan Maloney established that V&R Foods, LLC was administratively dissolved by the Kentucky Secretary of State in October 2017, and that the IRS had no record of any Form 941s or any other tax filing ever made by V&R Foods, LLC. Similarly, the Kentucky Labor Cabinet and its Office of Unemployment Insurance, which maintains Quarterly Unemployment Wage and Tax Reports for all Kentucky employers, had no records at all for V&R Foods, LLC. *See* Exhibit 1 to Sentencing Memorandum, Labor Cabinet Letter to FDIC-OIG Special Agent Nathan Maloney, June 8, 2021. By every objective

indication, this PPP loan was fraudulently obtained in the name of a defunct, non-operational business.

Similarly, the Defendant applied for and received an Economic Injury Disaster Loan (EIDL) through the Small Business Administration for V&M Leawood of Frankfort, LLC, in the amount of $99,000.  *See* Exhibit 2 to Sentencing Memorandum, EIDL Note, May 25, 2021.  The EIDL application completed by the Defendant on March 31, 2020 represented that V&M Leawood had gross revenues in the twelve months prior to January 31, 2020 of $130,000, and "lost rents due to the disaster" of $100,000.  *See* Exhibit 3 to Sentencing Memorandum, EIDL Application.  These were lies.  As the Defendant advised Kentucky Bank when working to buy the property at 911 Leawood Drive, V&M Leawood of Frankfort, LLC "was created specifically for this purchase and has no income or employees."  Gov. Tr. Ex. 7b.  The sole tenant at that property was the Commonwealth of Kentucky, which had committed to paying annual rent of $74,805 in quarterly installments of $18,701.  Gov. Tr. Ex. 2a.  The trial evidence established that after the Defendant bought this property in August 2019, only one quarterly payment was made by the Commonwealth before the state terminated the lease.  In other words, V&M Leawood had gross revenues in the twelve months before January 31, 2020 of $18,701 – not $130,000.  It had $0 in lost rents due to the disaster – not $100,000.

When the Court considers the history and characteristics of this Defendant, it can reasonably conclude that he is a person who lies repeatedly to financial institutions to obtain money he is not entitled to receive – even if such conduct is not reflected in his

current criminal history. The nature and circumstances of this offense, taken in conjunction with his pattern of misrepresentations to lenders, support a Guideline term of imprisonment for the Defendant's bank fraud convictions of 3 to 6 months, to run consecutive to the statutory two-year term mandated for his aggravated identity theft conviction.

The United States submits that such a sentence would fairly reflect the seriousness of the offense and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Furthermore, it would afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Often in white collar crime cases, the government can readily acknowledge that the defendant is unlikely to reoffend, and that the deterrent value of the sentence is of a general nature. That is not the case here. Based on this Defendant's recent history of fraudulent loan applications, the sentence imposed should be sufficient to specifically deter him from further wrongdoing, as well as deter others who may be inclined to engage in similar crimes.

Finally, the United States recommends that a fine be imposed as part of this sentence. "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay a fine and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). With an offense level of 7, the Guideline range for a fine is $1,500 to $9,500, per U.S.S.G. § 5E1.2(c)(3). In light of the factors set forth at U.S.S.G. § 5E1.2(d), in particular the absence of any restitution obligation, and the need for financial crimes to have meaningful financial consequences in order to deter others, the

government submits that a fine of $9,500, at the high end of the Guideline range, is appropriate. "The amount of the fine should always be sufficient to ensure that the fine, taken together with other punishment, is punitive." U.S.S.G. § 5E1.2(d).

### III. CONCLUSION

The United States recommends a sentence of imprisonment of between 3 and 6 months for the bank fraud offenses, to run consecutive to the term of imprisonment of 24 months for the aggravated identity theft offense. In addition, the United States recommends a fine of $9,500.

Respectfully submitted,

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

By: */s/ Paul McCaffrey*
Paul McCaffrey
Assistant United States Attorney
260 W. Vine St., Suite 300
Lexington, KY 40507
Tel: (859) 685-4820
Fax: (859) 233-2533
Paul.McCaffrey@usdoj.gov

CERTIFICATE OF SERVICE

On September 17, 2021, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

/s/ Paul McCaffrey
Assistant United States Attorney
