**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL NO. 20-CR-00103-DCR**                                       *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**VS.**           **DEFENDANT'S SENTENCING MEMORANDUM**

**VONNIE J. McDANIELS**                                                                       **DEFENDANT**

** ** ** ** ** ** ** ** **

The Defendant, Vonnie J. McDaniels, by counsel, hereby submits this Sentencing Memorandum to set forth his position as to an appropriate sentence under 18 U.S.C. § 3553(a).

## I. APPLICABLE SENTENCING GUIDELINES

The advisory guideline range for imprisonment in this case is as follows: Counts 1 and 2 – 0 to 6 months; Count 3 – 24 months consecutive to the sentence imposed on any other Count pursuant to 18 U.S.C. § 1028A(a)(1). Presentence Report ("PSR"), ¶ 59. The sentencing guidelines serve as the "starting point and initial benchmark" for the Court's sentencing analysis. *United States v. Bolds*, 511 F.3 568, 579-80 (6th Cir. 2007). Of course, the Court must also consider the sentencing factors contained in 18 U.S.C. § 3553(a) to fashion a sentence which is "sufficient, but not greater than necessary," to meet the purposes under 18 U.S.C. § 3553(a).

Here, the Defendant was convicted by a jury on 2 counts of bank fraud, 18 U.S.C. § 1044, and 1 count of aggravated identity theft, 18 U.S.C. § 1028A. Defendant is in Criminal History Category I, resulting in the advisory guideline imprisonment range referenced above. The Defendant raised 2 objections to the PSR. These objections are basically resolved, or were asserted for appellate protection purposes only.

Defendant objected to the 2-year imprisonment requirement under Count 3 of the Indictment for the reasons set forth in his previous Motion to Dismiss. (Record No. 29). The Court overruled that motion (Record No. 32), and Defendant simply seeks to preserve that issue for appellate review.

The remaining objection had to do with other "fraudulently obtained loans" referenced in paragraph 28 of the PSR under the section titled "Offense Conduct Not Part of Relevant Conduct". The addendum to the PSR changed the language to the following: "[i]nformation presented during the trial suggested that the defendant applied for and received a Payroll Protection Program loan and an Economic Injury Disaster loan, totaling approximately $150,000, using a dissolved LLC. These loans were not the subject of the instant criminal convictions." This is still slightly off since the Economic Injury Disaster loan was **not** applied for using a dissolved LLC. However, the PSR correctly notes this is not "relevant conduct" to the instant offense.

## II.  APPLICATION OF 18 U.S.C. § 3553(a) FACTORS AND RECOMMENDATION

The Court is fully familiar with the sentencing factors under 18 U.S.C. § 3553(a). Considering the nature and circumstance of the offense, the Defendant acknowledges that this was a serious crime for which punishment must be imposed. The evidence at trial indicated that the Defendant made several misrepresentations regarding his assets and liabilities in connection with the loan request from Kentucky Bank. Additionally, the Defendant fabricated a letter from state authorities to obtain forbearance on that same loan. Defendant notes, however, that the bank sustained no monetary loss in connection with this loan, and the loan remains current with on-going payments thereunder.

The history and characteristics of this Defendant reveal several mitigating factors for the Court to consider in fashioning an appropriate sentence. First, the Defendant has been financially responsible throughout the course of his life. He began working at the age of 15 (PSR, ¶ 41), and has managed to build up a portfolio of rental properties that have permitted him to support himself and his family, which includes his 1-year-old son, Vonnie McDaniels, Jr. Defendant has shown initiative in furthering his education by attending Eastern Kentucky University, although subsequently he was required to withdraw when he entered the military. (PSR, ¶ 35).

The Defendant is a veteran having joined the United States Navy in 2012. While in the Navy, he reached the rank of E-4, and his primary responsibility was submarine navigation. Ultimately, Defendant received a medical discharge from the armed services due to his diabetes. (PSR, ¶ 53). Thus, Defendant served his country honorably prior to the conduct giving rise to this case.

Additionally, Defendant has zero criminal history points putting him in Criminal History Category I. He has no history of serious illegal behavior prior to this case. (PSR, ¶ 34). Furthermore, unlike most Defendants that come before the Court, Defendant has no history of alcohol or drug abuse which would lead to concerns for recidivism or other behavior which is dangerous to the community. In short, Defendant's crime appears to have been motivated by poor judgment during a relatively brief period of his life. Defendant acknowledges that the conduct for which he has been convicted warrants punishment but believes that the foregoing factors should mitigate the sentence herein.

The United States spends a significant portion of its Sentencing Memorandum (Record No. 59) arguing that the Defendant is a continued risk because of his other "fraudulently

obtained loans" related to Covid-19 loan applications. In responding to the initial disclosure of the PSR, the United States specifically stated that "we cannot say definitively that he used those Covid relief funds, directly or indirectly, to repay the victim of the instant offense." Stated otherwise, the United States is conceding that the other Covid relief loans do not constitute relevant conduct in connection with the Defendant's sentencing, and therefore should not be considered in fashioning an appropriate sentence under § 3553(a).[1]

The sentence for Defendant's conviction under Count 3 is 24 months imprisonment. Since Counts 1 and 2 of the Indictment relate to separate conduct, some incremental punishment in connection with those counts is appropriate to vindicate the purposes underlying § 3553(a). Defendant respectfully submits that a sentence at the low end of the guideline range – 2 months – is sufficient but not greater than necessary to vindicate the purposes under the sentencing statute.

Accordingly, Defendant recommends that he be sentenced to a term of 2 months imprisonment on Counts 1 and 2 of the Indictment, and 24 months consecutive on Count 3 for the aggravated identity theft conviction.

Respectfully submitted,

/s/ Thomas C. Lyons
THOMAS C. LYONS, ESQ.
Law Offices of Thomas C. Lyons
201 West Short Street, Suite 800
Lexington, Kentucky 40507
859-231-0055
thomaslyons@hotmail.com
*Counsel for Defendant, Vonnie J. McDaniels*

---

[1] The United States has represented to undersigned counsel that the Covid relief loans are likely to be the subject of a future federal indictment. Accordingly, any punishment or consideration of those loans should await formal adjudication of guilt.

## **CERTIFICATE OF SERVICE**

      This is to certify that a true copy of the foregoing Defendant's Sentencing Memorandum has been served on September 21, 2021 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

                                        /s/ Thomas C. Lyons
                                        THOMAS C. LYONS, ESQ.

Cc:    Vonnie J. McDaniels