UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 20-103-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 24-203-DCR |
| V. ) | |
| ) | |
| VONNIE J. MCDANIELS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Following a jury trial in June 2021, Defendant Vonnie McDaniels was convicted of two counts of bank fraud, in violation of 18 U.S.C. § 1344(1), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). McDaniels was sentenced to 27 months of imprisonment in September 2021. His conviction was affirmed by the United States Court of Appeals for the Sixth Circuit in November 2022. *See* Record No. 63; *United States v. McDaniels*, No. 21-5920 (6th Cir. Nov. 14, 2022). McDaniels filed the instant motion on July 29, 2024, seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, it will be denied because it is untimely.

**I.**

This is not McDaniels' first motion for relief under § 2255. *See in re Moore*, 735 F. App'x 883, 884-85 (6th Cir. 2018) (explaining how a numerically subsequent § 2255 motion may not be "second or successive" within the meaning of 28 U.S.C. § 2244(b)). He filed a

- 1 -

substantially similar, timely motion for habeas relief in this case on June 26, 2023.[1]  [*See* Record No. 88.]  However, while that motion was pending, the Court received notice from the Bureau of Prisons ("BOP") that McDaniels had escaped from his designated residential re-entry center and refused to respond to authorities when they attempted to contact him.  Based on that information, on August 3, 2023, the Court summarily dismissed McDaniels' § 2255 motion under the fugitive disentitlement doctrine.  [*See* Record No. 96.]

McDaniels was arrested and returned to custody that same day.  [*See* Record No. 105-2 (Sentry Report).]  On November 2, 2023, a grand jury indicted him on one count of escape from federal custody, in violation of 18 U.S.C. § 751(a).  *See United States v. McDaniels*, Lexington Criminal No. 5: 23-124-DCR.  McDaniels remained in custody pending his jury trial, which commenced on January 9, 2024.  *See id.;* Lexington Criminal No. 5: 23-124-DCR, Record No. 53.  He was released upon his acquittal on January 12, 2024.  *See id.*; Lexington Criminal No. 5: 23-124-DCR, Record No. 55.

Next, McDaniels was indicted on new fraud allegations on March 21, 2024.  *See United States v. McDaniels*, Lexington Criminal No. 5: 24-022-DCR.  He was arrested on March 22, 2024, but was released on conditions following his initial appearance and arraignment on March 26, 2024.  *See id.* at Record Nos. 13, 15.  McDaniels remained on release pending trial, during which time he filed the instant § 2255 motion on July 29, 2024.  A jury convicted McDaniels of four charges of wire fraud, two counts of aggravated identity theft, six counts of money laundering, and two counts of committing an offense while on conditions of pretrial

---

[1] Each motion raises at least 19 separate grounds for relief and includes over 400 pages of supporting documents.  [*See* Record Nos. 88, 98.]

release on September 25, 2024, and he was remanded into custody pending sentencing. *See* Record No. 51.

## II.

A motion for relief under 28 U.S.C. § 2255 is subject to a one-year time limitation "that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003) (citing § 2255(f)). McDaniels' conviction became final on February 13, 2023—the date on which the time for filing a certiorari petition with the United States Supreme Court expired. *See id.* at 527; Sup. Ct. R. 13.1; Fed. R. Civ. P. 6. Accordingly, McDaniels' § 2255 motion was filed more than five months past the applicable deadline of February 13, 2024.

McDaniels acknowledges as much but offers several reasons why he should be permitted to file the late § 2255 motion. First, he argues that his § 2255 motion is not time-barred because the Court's dismissal of his original § 2255 motion was improper. [*See* Record No. 98, p. 11 (Motion).] However, McDaniels did not seek reconsideration of that decision from this Court or file an appeal with the United States Court of Appeals for the Sixth Circuit. Instead, as the United States points out in its response, he slept on his rights for nearly one year at which time he elected to file another § 2255 motion. [*See* Record No. 105, p. 7.] At bottom, this argument is unavailing because it is an improper procedural attack on the Court's prior ruling.

McDaniels also urges the Court to apply equitable tolling of the limitations period based on several discrete bases: First, he asserts that he did not receive a copy of the Court's Order dismissing his original § 2255 motion while he was detained at the Bourbon County Detention Center ("BCDC") from August 3, 2023, through January 10, 2024. [Record No. 106, p. 1

(Reply).]  Next, he contends that, upon returning home from jail on January 11, 2024, he was forced to relocate because his home had been vandalized. *Id.* at p. 4.  Accordingly, McDaniels reports, he first found out that his § 2255 motion had been dismissed "about a month later[,] on February 15, 2024." *Id.*  McDaniels next points out that he was taken into custody on March 22, 2024, where he remained until March 27, 2024, based on the charge in Lexington Criminal Action No. 5: 24-022-DCR.  He contends that these six days should not count toward the limitations period because he "did not have access to [his] legal material" during that time. *Id.* at pp. 4-5.  Finally, McDaniels seems to suggest that an additional month (February 15, 2024 through March 15, 2024) should be tolled because he told his probation officer that he was working on filing a motion to "reinstate [his] 2255 motion" during that time. *Id.* at p. 4.

The statute of limitations is not jurisdictional and therefore equitable tolling is permissible in limited circumstances. *See Holland v. Florida*, 560 U.S. 631, 645-56 (2010); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)).  The burden is on the defendant to prove its applicability by establishing the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649.  In other words, the defendant must show that the failure to meet the legally mandated deadline was unavoidable due to circumstances beyond his control. *See Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012).

Equitable tolling does not save McDaniels' § 2255 motion in this case.  If McDaniels did not learn of the Court's dismissal of his original § 2255 motion until February 15, 2024, it is due to his own lack of diligence.  The Clerk of the Court mailed a copy of the Dismissal Order and Judgment to McDaniels but he did not receive them because he had been taken into custody at a location unknown to the Court at that time.  All *pro se* litigants, including movants

- 4 -

in proceedings under 28 U.S.C. § 2255, have an obligation to notify the Court of any change to their residential address. *See* L.R. 5.2(e). But McDaniels did not comply with this obligation. *See id.* (providing that failure to comply "may result in the dismissal of the litigant's case or other appropriate sanctions").

McDaniels contends that his "correspondence back and forth with the court" demonstrates that he pursued his rights diligently with respect to his § 2255 motion. [Record No. 106, p. 3] However, this argument does not really help McDaniels because it highlights his awareness of the Court's need to communicate with litigants. Pursuing one's rights diligently includes taking reasonable measures to prosecute and stay informed about developments in one's own § 2255 proceeding. *See Wershe v. City of Detroit, Mich.*, 112 F.4th 357, 369 (6th Cir. 2024) (observing that "[l]arge lapses of time are a significant obstacle to establishing one has diligently pursued his rights"). *See also Capiz-Fabian v. Barr*, 933 F.3d 1015, 1018 (8th Cir. 2019) (regardless of whether petitioner the lived at the address at the time of mailing, his failure to receive INS notice was not an extraordinary circumstance because updating the agency with his address and more closely monitoring his mail were within his control).

It is not uncommon for the Court to receive inquiries from *pro se* prisoners requesting an update on the status of their case or a copy of the docket sheet. McDaniels was confined at the BCDC for more than five months (knowing he had been charged with escape while his § 2255 motion was pending), yet failed to provide the Court with an address update or take either of these simple actions. Under these circumstances, McDaniels cannot establish that he diligently pursued his rights with respect to his § 2255 motion.

Next, McDaniels reports that he was required to relocate to a new home upon his release from custody on or about January 11, 2024. At that point, McDaniels still had approximately one month left to file a timely § 2255 motion. While relocating to a new home under such circumstances undoubtedly presents a hardship, it is unclear how the situation prevented McDaniels from inquiring about the status of his case through a brief letter to the Court or a visit or phone call to the Clerk's office. Failure to take such simple steps indicates a lack of diligence regarding pursuit of the § 2255 motion.

Finally, McDaniels cites his confinement from March 22, 2024, through March 27, 2024, as a barrier to his ability to file a § 2255 motion. Although it may be difficult to complete and file a § 2255 motion during such a brief period, McDaniels does not assert that he made any attempt to do so. It is notable that McDaniels' motion would have been substantially completed by this time, since it is virtually identical to the one filed in June 2023. To establish equitable tolling, the movant must at least show that he tried to pursue the right at issue. Nevertheless, this period of confinement is beyond the February 13, 2024, deadline for filing the § 2255 motion. Likewise, the month McDaniels contends should be tolled (February 15, 2024 through March 15, 2024) is beyond the limitations period and need not be considered. The Court notes, however, that McDaniels has not identified any authority under which simply mentioning a forthcoming § 2255 motion to a probation officer would be a basis for equitable tolling.

Alternatively, McDaniels argues that the limitations period should be measured by 28 U.S.C. § 2255(f)(2), which provides that the one-year limitation period begins running "from the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

prevented from making a motion by such governmental action." The impediment, he contends, was the BOP's action of erroneously placing him in escape status.

This argument is unpersuasive. First, for the reasons explained above, McDaniels' placement in escape status and resulting detention did not prevent him from pursuing a motion under § 2255. And McDaniels' reliance on his eventual acquittal of the escape charge fares no better. The fact that a jury did not find McDaniels guilty beyond a reasonable doubt does not undermine the BOP's actions or the government's decision to charge him with the offense, since different burdens of proof apply at these respective stages of the criminal process. Accordingly, § 2255(f)(2) simply does not apply.

McDaniels could not prevail under this theory regardless. One hundred and seventy-two days had already elapsed from the time McDaniels' conviction became final to the time he was taken into custody following the escape allegation (February 13, 2023 to August 2, 2023). Assuming *arguendo* that the BOP's action and McDaniels' subsequent incarceration constituted an impediment to filing, he was released from custody following his acquittal in the escape matter on January 12, 2024. Under this scenario, he would have had 193 days left to file his § 2255 motion. Rather than doing so within that period, he waited 199 days. Although McDaniels offers additional reasons he believes the Court should toll the limitations period, as explained above, none establish that McDaniels was diligently pursuing his rights or that any extraordinary circumstances stood in the way of filing.

### III.

Finally, the Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the Court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). McDaniels' motion is untimely on its face, as it was filed 532 days

after his conviction became final. *See* 28 U.S.C. § 2255(f)(1). He has not shown that equitable tolling applies. While he contests the Court's decision summarily dismissing his original § 2255 motion, he did not challenge that decision through proper channels such as a motion to reconsider or an appeal to the Sixth Circuit. Further, he has not established that he diligently pursued his rights and that extraordinary circumstances stood in the way of his ability to file a timely § 2255 motion. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Vonnie McDaniels' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record No. 98] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

2. A Certificate of Appealability will not issue.

Dated: December 11, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky